W. A. GLEESON *v.* UNITED STATES [1]

United States Customs Court, First Division

(Dated October 17, 1938)

*W. A. Gleeson,* plaintiff.

*Webster J. Oliver,* Assistant Attorney General (*Dorothy C. Bennett,* special attorney), for the United States.

Before McCLELLAND, SULLIVAN and BROWN, Judges; BROWN, J., dissenting

McCLELLAND, Presiding Judge: This is a motion to amend protest 942763–G which was filed with the collector of customs at the port of St. Albans on February 9, 1938, within the statutory time following liquidation of the entry. The protest claim was limited as follows:

Protest is hereby made against the additional assessment of $1.50 per M feet under Sec. 601 (C) (6) RA 1932 and T. D. 48033, as we contend this additional assessment should not be made according to T. D. 47761 and T. D. 47810, as shipments involved consisted of timber measuring at least six inches on any one side.

The proposed amendment reads as follows:

On February 8th, 1938, Protest was filed by the undersigned against the additional assessment of $1.50 per thousand feet under Sec. 601 (C) (6) RA 1932 and T. D. 48033 on several cars of Rough Douglas Fir Timber of which cars 659184 CN and 652236 CN were included.

Upon recent information received from shippers it was found that the above two cars contained planed four side lumber instead of rough lumber. At the time entry was made duty at the rate of $1.50 per M under the revenue act was collected on the number of feet before milling. As it has now been found that this was dressed lumber it is desired that Protest be amended and that the $1.50 assessed under the revenue act on the before milling quantity be amended and assessed only on the amount actually imported after dressing.

---

[1] C. D. 50.

The merchandise is described on each of the invoices covering the cars enumerated as "Structural Douglas Fir" in sizes ranging from 3⅝ inches x 11½ inches to 12 inches x 16 inches in cross section in the case of car 659184 CN, and 1⅝ inches x 3⅝ inches to 12 inches x 16 inches in the case of car 652236 CN. It will be observed that the protest as originally drawn covered timber "measuring at least six inches on any one side," while the amendment seeks to include a claim with regard to merchandise not covered by the protest, namely, lumber.

The proposed amendment was filed with the acting deputy collector at the subport of Island Pond, within the St. Albans Customs District, on April 7, 1938, which was 104 days subsequent to the last liquidation covered by the protest. It cannot be considered, therefore, as a separate protest against the collector's action with regard to merchandise not covered by protest 942763–G, and, manifestly, if granted as an amendment to the latter protest it would raise an entirely new issue as to merchandise not covered thereby.

In the case of *United States* v. *Macksoud Importing Co.*, 25 C. C. P. A. 44, T. D. 49041, the Court of Customs and Patent Appeals liberalized the rule that had prevailed in this court of granting amendments to protests, but it is plainly apparent from a reading of the opinion of the court that amendments such as the proposed amendment, relating to merchandise not covered by the original protest, are still considered to be new causes of action and hence barred by the statute of limitations. The court, among other things, said:

Why, then, should the Congress provide for amendments to protests, after the United States Customs Court has obtained jurisdiction, unless it was its purpose to give that court the power, in its discretion and under such rules as it might prescribe, to permit, by such amendments, the presentation of new and additional claims, which might have been made in the original protest *as to the merchandise covered by that protest?* We think that that was the purpose of the Congress, and that any other construction of the provisions in question would make them practically inoperable.

The motion to amend is therefore denied.

DISSENTING OPINION

BROWN, Judge: This amendment does not seem to relate to new merchandise but to be a new claim as to merchandise already protested.

For the reasons fully stated in the opinion in *Harry Redfern* v. *United States*, decided February 2, 1938, T. D. 49390, and in other similar cases, I think the motion to amend before us should be granted.