**No. 57492.**—Arista Oil Products Company *v.* United States, protest 183749–K (New York).

MOLLISON, Judge: The plaintiff in this case imported certain sperm oil into the United States which the collector of customs classified as refined sperm oil, assessing duty thereon at the rate of 3½ cents per gallon under the provision therefor in paragraph 52 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802. It is claimed that the oil in question is properly classifiable as crude sperm oil, dutiable at only 1¼ cents per gallon under the provisions of the same paragraph and act, as modified.

When the case was called for trial, motion was made by counsel for the defendant to dismiss the same on the ground that it was untimely, having been filed more than 60 days after the date of liquidation, citing section 514, Tariff Act of 1930.

Counsel for the plaintiff concedes that the liquidation occurred on September 14, 1951, and that a document, dated November 20, 1951, addressed to the Collector of Customs, District No. 10, New York 4, N. Y., and purporting on its face to be a protest against the collector's action on liquidation in this case, was received in the customhouse at New York on November 21, 1951, or some 68 days after liquidation.

It is contended on behalf of the plaintiff, however, that certain documents consisting of copies of four letters and one affidavit should be considered as the protest in this case. The letters, which were received in evidence as collective exhibits 1–A, 1–B, 1–C, and 1–D, bear dates from October 3 to October 29, 1951, and on their face and by the testimony of the general manager and partner of the plaintiff company who signed the same are addressed to the examiner of merchandise in the appraiser's office who passed upon the merchandise in question. It is apparent from the testimony referred to that the letters and the affidavit (which was executed by the witness and was received in evidence as collective exhibit 1–E) were either mailed to or personally delivered to the examiner of merchandise.

A careful examination of all of the documents referred to shows that none purports to protest the action of the collector—certainly, none meets the requirement of the statute that protests shall set forth "distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto" to say nothing of the fact that they were not filed "with the collector," as required by the statute.

While it is true that this case presents a hardship in view of the fact that it is conceded by the defendant that the imported article was actually crude sperm oil, as claimed by the plaintiff, nevertheless, because it clearly appears that no timely protest was filed, we are unable to ignore the plain provisions of section 514, *supra*, which constitute a statute of limitations, to afford any relief to the plaintiff.

The motion made by counsel for the defendant is therefore granted, and judgment will issue dismissing the protest accordingly.

**No. 57493.**—Hartex Distributing Co. *v.* United States, protest 176376–K (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of sewing-machine cabinets the same in all material respects as those the subject of *Necchi Sewing Machine Sales Corp.* and *Barian Shipping Co., Inc.* v. *United States* (30 Cust. Ct. 1, C. D. 1489), the claim of the plaintiff was sustained.

No. 57494.—Necchi Sewing Machine Sales Corp. v. United States, protest 186800–K (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of sewing-machine cabinets the same in all material respects as those the subject of *Necchi Sewing Machine Sales Corp.* and *Barian Shipping Co., Inc.* v. *United States* (30 Cust. Ct. 1, C. D. 1489), the claim of the plaintiff was sustained.

No. 57495.—D. N. & E. Walter & Co. v. United States, protest 151976–K (Los Angeles).

Opinion by MOLLISON, J. It was stipulated that the two classes of merchandise are the same in all material respects as those involved in *Calif-Asia Co., Ltd.* v. *United States* (39 C. C. P. A. 133, C. A. D. 475). In accordance with stipulation of counsel and following the cited decision, the items marked "A" were held dutiable at 20 percent under paragraph 412, as modified by the General Agreement on Tariffs and Trade (T. D. 51802), and the items marked "B" were held dutiable at 12½ percent under said paragraph, as modified by said T. D. 51802.

No. 57496.—M. A. Katz & Co. et al. v. United States, protests 182712–K, etc. (San Francisco).

Opinion by MOLLISON, J. It was stipulated that the two classes of merchandise are the same in all material respects as those involved in *Calif-Asia Co., Ltd.* v. *United States* (39 C. C. P. A. 133, C. A. D. 475). In accordance with stipulation of counsel and following the cited decision, the items marked "A" were held dutiable at 20 percent under paragraph 412, as modified by the General Agreement on Tariffs and Trade (T. D. 51802), and the items marked "B" were held dutiable at 12½ percent under said paragraph, as modified by said T. D. 51802.

No. 57497.—Hurricane Import Company and Frank P. Dow Co., Inc. v. United States, protest 185926–K (Seattle).