(C. D. 1736)

ATLAS TRADING Co. v. UNITED STATES

United States Customs Court, First Division

(Dated November 10, 1955)

*Lawrence & Tuttle* (*George R. Tuttle* and *Charles F. Lawrence* of counsel) for the plaintiff.

*Warren E. Burger*, Assistant Attorney General (*Mollie Strum*, trial attorney), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges; MOLLISON, J., concurring

WILSON, Judge: This case was initiated through the filing of a protest, the essential parts of which, for the purposes of this opinion, were as follows:

Protest is hereby made against your liquidation or your decision assessing, imposing or collecting duty, fees, or other exactions, * * * in connection with the entries or other matters referred to below. The reasons for objection under the tariff act of 1930, and any amendments thereto, are as follows:

> All the merchandise assessed at 35% par. 1519, should be classified at 25% par. 1519.

> You classified similar merchandise covered by Dutiable Entry #7023 of 3/6/37 at the claimed rate.

* * * This protest is intended to apply to all goods covered by the entries referred to, of the same kind or character as the goods specified, whether or not particularly enumerated herein.

| ENTRY | VESSEL | ENTERED OR ARRIVED | LIQUI- DATED | MARKS & NUMBERS |
|---|---|---|---|---|
| DE #6624_____ | Reg. Mail____ | 2/24/37___ | 10/11/37__ | And various as per invoices and entries. |

When the case was called for trial, counsel for the plaintiff served upon the Government and asked leave to file the following amendment to the original protest:

The merchandise covered by this protest is free of duty under paragraph 1681 (furs and fur skins, not specially provided for).

Counsel for the United States objected to the filing of the amendment offered by plaintiff's counsel, upon the ground that it was ambiguous and might be construed to apply to merchandise not covered by the original protest, but agreed that, under rule 6 of this court, plaintiff had the right to amend, if the amendment related only to the merchandise assessed at 35 per centum (R. 2).

Counsel for plaintiff refused to change the wording of his proposed amendment, and the judge presiding at the hearing reserved ruling on the motion to amend. The case was, thereupon, continued for the purpose of stipulation.

There is but one entry involved in this protest (6624). The invoice on file in the case, under entry number 6624, lists the following merchandise:

Six (6) parcels containing:
| | | |
|---|---|---|
| kidplates grey | 51 | pcs. |
| kidplates white | 205 | " |
| lamb plates | 48 | " |
| " " Kalgan | 5 | " |

The case as now presented to us involves two questions or issues:

1. Should the proposed amendment be allowed?

2. If so, should it be construed to apply only to the merchandise assessed at 35 per centum under paragraph 1519, or should it be construed to apply to all the merchandise covered by entry 6624?

There is no question but that the collector classified the merchandise, described on the invoice as kidskin plates, under paragraph 1519 (a), Tariff Act of 1930, as plates of dressed kidskins, not dyed, at 25 per centum ad valorem, and that the lambskin plates covered by the pertinent entry were classified under paragraph 1519 (b) of the said act as lambskin plates, not dyed, at 35 per centum ad valorem.

The tendency of this court has been toward greater liberality in permitting amendments to protests, where justice will be promoted through such amendments, thus enabling the court to dispose of claims on their merits rather than on technical points of procedure. The latest expression of the Congress on the question of amendments relating to Customs Court pleadings is found in section 2642, title 28, United States Code, 1952 edition, which reads as follows:

**§ 2642. Amendment of protests, appeals and pleadings.**

The Customs Court under its rules and in its discretion may permit amendment of protests, appeals for reappraisement, applications for review, petitions for remission and pleadings. (Added May 24, 1949, ch. 139, § 123, 63 Stat. 106.)

Rule 6 (c) of the Rules of the United States Customs Court, which became effective November 1,1949, provides as follows:

(c) *Amendment of pleadings.*—A party may amend his protest, petition, appeal, application for review, or other pleadings or process, at any time by leave of court, and such leave shall be freely given when justice so requires.

Section 514 of the Tariff Act of 1930 provides as follows:

Except as provided in subdivision (b) of section 516 of this Act * * * all decisions of the collector, * * * as to the rate and amount of duties chargeable, and as to all exactions of whatever character * * * shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, * * * file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. * * *

It should be observed that the defendant has made no attack upon the sufficiency or timeliness of the original protest as filed. As heretofore indicated, the defendant admits that, if the amendment is so worded or so construed as to limit its application to the merchandise classified under paragraph 1519 (b) and identified as lambskin plates, that it is a proper amendment, but that, insofar as it may relate to the merchandise identified as kidskin plates and classified under paragraph 1519 (a), it is improper, since to permit such an amendment would be to add an entirely new protest (R. 2–3; brief p. 2). The plaintiff admits that "it is conceded on our part that we cannot expand the protest by bringing in new merchandise," but contends that the original protest, when considered as a whole, must be construed to involve all the merchandise covered by entry 6624, that is, to include both the kidskin plates, assessed at 25 per centum ad valorem, and the lambskin plates, assessed at 35 per centum ad valorem (R. 3–4). In this connection, attention is directed to the fact that the original protest was filed on a printed form and that the only typewriting or other writing upon the statement, aside from the collector's filing information and the typewritten figures .at the bottom, consists of the following words:

All the merchandise assessed at 35% par. 1519, should be classified at 25% par. 1519.

You classified similar merchandise covered by Dutiable Entry #7023 of 3/6/37 at the claimed rate.

The printed paragraph at the bottom of the protest contains the following sentence:

* * * This protest is intended to apply to all goods covered by the entries referred to, of the same kind or character as the goods specified, whether or not particularly enumerated herein.

Since the proposed amendment by its very terms states that it is to apply to the merchandise covered by this protest, there appears to be no reason for discussing the question of whether the amendment should be permitted, since the Government concedes that it is a proper amendment, if limited to the merchandise covered by the original protest and is construed to include only an additional claim covering such merchandise.

That leaves before us then the question as to whether the amendment should be limited in its application to the "lamb plates" which were classified under paragraph 1519 (b) of the Tariff Act of 1930 at 35 per centum, or held to extend as well to the "kidplates," which were assessed under subdivision (a) of the same paragraph as kidskin plates, not specially provided for, not dyed, at 25 per centum ad valorem. The claim in the amendment obviously is intended to bring both types of plates under paragraph 1681 of the Tariff Act of 1930, which reads as follows:

PAR. 1681. Furs and fur skins, not specially provided for, undressed.

If so classified, the merchandise would be admitted free of duty.

The pertinent parts of paragraph 1519, subdivisions (a) and (b), read as follows:

PAR. 1519. (a) Dressed furs and dressed fur skins (except silver or black fox), and plates, mats, linings, strips, and crosses of dressed dog, goat, or kid skins, 25 per centum ad valorem; all the foregoing, if dyed, 30 per centum ad valorem.

(b) Manufactures of fur (except silver or black fox), further advanced than dressing, prepared for use as material (whether or not joined or sewed together) including plates, mats, linings, strips, and crosses (except plates, mats, linings, strips, and crosses of dog, goat, and kid skins), if not dyed, 35 per centum ad valorem; if dyed, 40 per centum ad valorem.

In support of its contention that the amendment is proper and that it should be construed to apply to all of the merchandise covered by entry 6624, both the lambskin plates and the kidskin plates, the plaintiff contends that all merchandise involved in the entry is "of the same kind or character" and is properly classifiable under paragraph 1681 as "Furs and fur skins, not specially provided for, undressed." Under the decisions of this court, both the lambskin plates and the kidskin plates, undressed, have been so classified.

In the case of *Kung Chen Fur Corpn.* v. *United States*, 29 Cust. Ct. 266, C. D. 1480 (which followed the case of *Kung Chen Fur Corp.* v. *United States*, 24 Cust. Ct. 24, C. D. 1203, affirmed in *United States* v. *Kung Chen Fur Corporation*, 38 C. C. P. A. (Customs) 107, C. A. D. 447), this court held that kidskin plates, of the type here involved, are properly classifiable under paragraph 1681 of the Tariff Act of 1930 as "Furs and fur skins, not specially provided for, undressed," and should be admitted free of duty. In the case of *A. S. Gold & Bro., Inc.* v. *United States*, 33 Cust. Ct. 120, C. D. 1643, this court again followed the *Kung Chen Fur Corporation* cases, *supra*, and held that plates of undressed lambskin, similar to the merchandise involved in the instant case, were not properly classifiable under paragraph 1519 (b) of the Tariff Act of 1930, as assessed by the collector, but were classifiable under paragraph 1681 of the Tariff Act as "Furs and fur skins, not specially provided for, undressed," and duty free.

An appeal was taken from the *Kung Chen Fur Corpn.* case, *supra*, (C. D. 1480), which was, however, dismissed on motion; an appeal was likewise filed in the *Gold* case, *supra*, which was dismissed on stipulation, and this case is now controlling in the classification of the type of merchandise, above referred to. The plaintiff, in fact, contends that to argue that there is a distinction between the kidskin plates and the lambskin plates, covered by entry 6624, is to contend for "a distinction without a difference."

The plaintiff directs our attention to the case of *United States* v. *Macksoud Importing Co. et al.*, 25 C. C. P. A. (Customs) 44, T. D. 49041, as authority for the contention that amendments should be liberally allowed and construed. In that case, three protests were filed against the collector's classification. After all papers and reports were in the court file, but before trial, the importer moved to amend, raising the question as to whether the proper method had been pursued in converting Mexican dollars into American dollars. The court stated the issue involved in the following language:

* * * Does the amendment to the protests herein raise a new cause of action which was barred by the statute of limitations?

In considering section 518 of the administration provisions of the Tariff Act of 1930 (now 28 U. S. C. § 2642), the appellate court in the *Macksoud* case, *supra* (p. 53), took a liberal view and, among other things, stated:

It certainly was not the purpose of the Congress to limit the operation of the quoted provisions of section 518, *supra*, to amendments for corrections of defects in form only * * *. Nor do we believe that it was the intention of the Congress to limit amendments to statements of fact which merely amplify claims contained in protests, because, under the law, claims made in protests must be sufficiently definite and specific to inform the collector of the objections to his decision.

Surely, if protests are sufficiently definite and specific to inform the collector of the claims made therein, they are sufficiently definite and specific to inform the United States Customs Court of the issues presented thereby.

Why, then, should the Congress provide for amendments to protests, after the United States Customs Court has obtained jurisdiction, unless it was its purpose to give that court the power, in its discretion and under such rules as it might prescribe, to permit, by such amendments, the presentation of new and additional claims, which might have been made in the original protest *as to the merchandise covered by that protest*? We think that that was the purpose of the Congress, and that any other construction of the provisions in question would make them practically inoperable.

Accordingly, we are of opinion that claims permitted to be introduced by amendment were not intended by the Congress to be considered new and separate causes of action, which, under the decisions hereinbefore referred to, would be barred by the statute of limitations. [Italics by the court.]

The Government in the present action, in support of its position argues that, while in the case at bar a timely protest was filed as to lambskin plates, no valid protest can be read into the printed language of the original protest document to cover kidskin plates, because the protest did not set forth distinctly and specifically any objections to the assessment and classification of the kidskin plates (brief pp. 3–4).

The whole issue then seems to boil down to the question as to whether the original protest and the final sentence of the last-printed paragraph in these words "This protest is intended to apply to all goods covered by the entries referred to, of the same kind or character as the goods specified, whether or not particularly enumerated herein," can be construed to cover the kidskin plates contained in the same entry as the lambskin plates and classified under paragraph 1519 (a), or whether the original protest must be construed as covering the lambskin plates only when considered as a whole.

The Government in its brief cites a number of cases, among them *Raybestos Manhattan, Inc.* v. *United States*, 27 C. C. P. A. (Customs) 340, C. A. D. 109, as authority for the proposition that the original protest is insufficient to cover the kidskin plates. However, the *Raybestos* case, *supra*, did not involve an amendment, but only the sufficiency of an original protest. In that case, the merchandise was described as "Metacresol" under paragraph 27 (b) at 20 per centum ad valorem, and, at the trial, without attempting to amend its protest, the plaintiff tried to claim the importation as "cresylic acid" under the same paragraph. The Customs Court held that the language of the protest was too indefinite to support any protest, which holding was upheld by our appellate court on appeal.

In the case of *Arista Oil Products Company* v. *United States*, 31 Cust. Ct. 251, Abstract 57492, also cited by the defendant, the question involved was not whether an amendment could be filed, but whether the original protest had been filed within 60 days. It is true that some

reliance was placed by the plaintiff upon correspondence exchanged with the appraiser within the 60-day period, but it appeared that the only document ever filed with the collector was a protest, the sufficiency of which was unchallenged, but it was held to be untimely because filed 68 days after liquidation.

The defendant also cited the case of *Scaramelli & Co. et al.* v. *United States,* 67 Treas. Dec. 227, T. D. 47518, in support of its position. That case was decided by this court on February 4, 1935, while the *Macksoud Importing Co. et al.* case, *supra,* was decided by our appellate court on the 29th day of May 1937, and, in our opinion, had such case followed the enactment of the laws relating to amendments, as they now stand, and the present rule of this court, coupled with the ruling in the *Macksoud* case, *supra,* a different conclusion might have been reached. In any event, the matters considered in the *Scaramelli* case, *supra,* were different from the matters now before the court.

In the case of *W. A. Gleeson* v. *United States,* 1 Cust. Ct. 223, C. D. 50, upon an entirely different set of facts from those here involved, the court found that the proposed amendment set forth an entirely new cause of action.

The defendant, in support of its position, also directs our attention to *Staikos Bros.* v. *United States,* 72 Treas. Dec. 712, T. D. 49288. While this case seems to be more nearly in point than any of the other cited cases, yet the classes of merchandise involved in the *Staikos Bros.* case, *supra,* were so distinct that they are not comparable to the merchandise now under consideration in connection with the proposed amendment. In the *Staikos* case, *supra,* the court observed:

* * * that the original protest specifically covered only the dutiable weight of cheese, although the printed portion thereof sets forth a claim that "all dutiable merchandise covered by the entry" was entitled to a reduction of at least 20 per centum of the duty by virtue of the commercial treaty with the country of exportation. Through the amendment * * * the importers seek to reduce the assessed duty on olives from 30 cents to 20 cents per gallon.

In denying the motion to amend, the court in the *Staikos* case, *supra,* stated:

We are of the opinion that the amendment here in question concerns merchandise covered by the original protest and had it pertained to a question of duty under treaty rights (raised by the printed portion of the protest) we would feel that the motion should be granted. However, we do not believe that a saving clause in a protest presenting a blanket claim against all the merchandise, as we have here, should open the door so that an importer by amendment may be permitted to contest the classification of merchandise other than that specifically pointed out in the protest.

In the case at bar, however, the language of the printed portion of the protest, namely, "This protest is intended to apply to *all* goods covered by the entries referred to, *of the same kind or character as the*

*goods specified,* whether or not particularly enumerated herein," is sufficiently descriptive to include the kidskin plates on the invoice, as well as the lambskin plates also covered thereunder, the former being "of the same kind or character" as the merchandise particularly described. [Italics ours.] Under the decisions of this court, both lambskin plates and kidskin plates, undyed and undressed, are now classifiable duty free under the provisions of section 1681 of the Tariff Act of 1930 as "Furs and fur skins, not specially provided for, undressed."

We are of the opinion that justice requires a liberal construction of the law relating to amendments. The strict procedure of the old common law with reference to pleadings has been abandoned by practically all courts. We are further of the opinion that when section 514 of the administrative provisions of the Tariff Act of 1930 is construed in connection with section 2642, title 28, United States Code, and rule 6 (c) of the rules of this court, a liberal construction is definitely called for. Under the *Macksoud* case, *supra,* the amendment here proposed should be allowed and should be construed to cover both the lambskin plates and the kidskin plates involved in the same entry, which, when undressed and undyed, as in this case, are, in the eyes of this court, for all practical purposes the same merchandise.

It is, therefore, ordered that the motion made by the plaintiff herein that the protest in this case be amended by adding the following: "The merchandise covered by this protest is free of duty under paragraph 1681 (furs and fur skins, not specially provided for)," be, and the same hereby is in all respects granted and construed to include both the lambskin plates and the kidskin plates covered by the pertinent entry.

### CONCURRING OPINION

Mollison, Judge: I concur in the conclusion and order that plaintiff's motion to amend the protest be granted and construed to include both the lambskin plates and the kidskin plates covered by the pertinent entry. I reserve decision on the merits of the cause.