(C.D. 3179)

HARRY Z. ROSENBERG, JR. *v.* UNITED STATES

United States Customs Court, First Division

(Decided October 31, 1967)

*Harry Z. Rosenberg, Jr.*, appeared in his own behalf.
*Edwin L. Weisl, Jr.*, Assistant Attorney General (*Glenn E. Harris* and *Morris Braverman*, trial attorneys), for the defendant.

Before WATSON and BECKWORTH, Judges

WATSON, Judge: Plaintiff in this case seeks to recover a portion of the duties paid upon the importation of certain merchandise invoiced as "Cartridges." The merchandise in question was assessed with duty at the rate of 25 per centum ad valorem under the provisions of item 730.90 of the Tariff Schedules of the United States for "Cartridges and empty cartridge shells." It appears from the record that plaintiff claims the merchandise properly classifiable under item 730.91 or item 730.93 of the Tariff Schedules of the United States. However, in its brief (p. 3–4), it appears that plaintiff seeks classification under item 674.75 of the schedule, unless "Customs can show where the item in question meets descriptions 730.91, a decision with which we could agree * * *." Item 674.75 of the tariff schedules provides for "Powder-actuated hand tools, and parts thereof."

The statutes herein involved, in addition to item 674.75 above referred to, are as follows:

Section 514 of the Tariff Act of 1930 (19 U.S.C. § 1514).

Schedule 7, part 5, Tariff Schedules of the United States:

Bombs, grenades, torpedoes, mines, guided weapons and missiles and similar munitions of war, and parts thereof; ammunition, and parts thereof:

| | | |
|---|---|---|
| [Item 730.90] | Cartridges and empty cartridge shells | 25% ad val. |
| [730.91] | Percussion caps | 12% ad val. |
| * | * * * * * | * |
| [730.93] | Other | 18% ad val. |

A representative sample of the imported merchandise was received in evidence as plaintiff's exhibit 1 (R. 18).

At the trial, the Government moved to dismiss the protest insofar as it relates to seven of the nine entries herein involved on the ground

that the protest was not filed within the statutory period. Section 514 of the Tariff Act of 1930 provides that a protest be filed within 60 days after the date of liquidation of an entry. The record in the case at bar discloses the following with respect to the dates of liquidation of six of the entries involved herein:

| Entry number | Date of liquidation |
|---|---|
| M–1938–A | 11–10–64 |
| 727523 | 6– 2–64 |
| 727522 | 6– 2–64 |
| H–50 | 11–10–64 |
| H–2350 | 11–10–64 |
| H–274 | 12–10–64 |

The protest herein was filed on April 13, 1965. It, accordingly, appears that in the case of entries M–1938–A, 727523, 727522, H–50, H–2350, and H–274, the protest was filed more than 60 days after the liquidation of said entries, and the protest must be dismissed as to these entries. While it is true that such a conclusion is a hardship upon the plaintiff, nevertheless, because it appears that no protest as to these entries was timely filed, we are unable to ignore the plain provisions of section 514, *supra*, which constitute a statute of limitations, to afford any relief to the plaintiff respecting the merchandise covered by these entries. *Aristo Oil Products Co.* v. *United States*, 31 Cust. Ct. 251, Abstract 57492. With respect to entry M–2378–A, the record discloses that the protest was filed prior to the liquidation of the entry. Accordingly, the protest with respect to this entry must, in accordance with applicable law, be dismissed as premature. *United States* v. *Astra Bentwood Furniture Co.*, 28 CCPA 205, C.A.D. 147.

There remains for consideration, the proper classification of the merchandise covered by entries H–399 and H–1218 herein. With respect to the proper classification of the imported merchandise, the plaintiff-importer made the following contention:

Mr. Rosenberg: I am maintaining, your Honor, that the classification under which the duty has been charged for these power actuated tool power loads is incorrect, and I offer as evidence, the Tariff Schedules, 730.90, under which this is being classified which very clearly defines the classification as bombs, grenades, torpedoes, mines, guided weapons and missiles of similar munitions of war, and parts thereof. And, then it proceeds in sub-divisions, your Honor—I have a copy of this, if you'd like to see it—cartridges and empty cartridge shells, and a designation, containing a projectile. This item is a power load container and primer and a small amount of powder and it is used in a powder actuated construction tool to—[R.17]

Essentially, plaintiff contends that the involved items are not classifiable under item 730.90 of the Tariff Schedules of the United States on the ground that the items in question are not "similar" munitions

427

of war and that, accordingly, these "cartridges" are not *ejusdem generis* with the items designated in item 730.90 under which classified.

It is well settled that in a controversy of this nature it is presumed that the classification made by the customs official is correct and that he found all the necessary facts to exist which brought the goods within that classification. *F. H. Kaysing* v. *United States*, 49 CCPA 69, C.A.D. 798; *United States* v. *Lilly & Co. and Parke, Davis & Co.*, 14 Ct. Cust. Appls. 332, T.D. 41970. The importer has the dual burden of showing that the classification so made is wrong and that his claimed classification is correct. *Edward Hyman Co.* v. *United States*, 52 CCPA 51, C.A.D. 857.

At the trial herein, Mr. Rosenberg stated that he believed that classification under item 730.90 of the Tariff Schedules of the United States was incorrect (R.17). He suggested that items 730.91 or 793 (should be 730.93) might be correct, but that "probably" item 674.75 should apply (R.18). On cross-examination, when asked if plaintiff's exhibit 1 was a cartridge, Mr. Rosenberg stated "not in the sense that it is in the use of fire arms" and that the involved items described by the supplier as "cartridges" are "improperly named" (R.19). In our opinion, the testimony of plaintiff's witness, such as it is, is insufficient to overcome the presumptively correct classification of the collector.

For the reasons herein stated, we hold that the protest as to the merchandise covered by entries M–1938–A, 727523, 727522, H–50, H–2350, H–274, and M–2378–A has been untimely filed, and, accordingly, the protest as to the merchandise covered by these entries is dismissed. With respect to the merchandise covered by entry H–399 and entry H–1218, the protest is overruled.

Judgment will be entered accordingly.