**AMERICAN COMMERCE CO. et al.**

**v.**

**UNITED STATES.**

**C.D. 2072; Protest Nos. 225212–K, etc.**

United States Customs Court,
First Division.
March 24, 1959.

Lawrence & Tuttle, San Francisco, Cal. (Barnes, Richardson & Colburn, New York City, by George R. Tuttle, Jr., San Francisco, Cal., and Hadley S. King, New York City, of counsel), for plaintiff.

George Cochran Doub, Asst. Atty. Gen. (Henry J. O'Neill, Washington, D. C., Trial Atty.), for defendant.

Before OLIVER, Chief Judge, and MOLLISON and WILSON, Judges.

MOLLISON, Judge.

When the protests enumerated in the attached protest schedule were called on a calendar of this court in the city of San Francisco, counsel for the plaintiffs moved in writing to amend the same. The motions to amend were opposed by counsel for the defendant, and decision on the motions was reserved by the judge presiding on circuit for this division, which has cognizance of the subject matter under rule 41 of this court, time being allowed counsel for the parties for the filing of briefs.

The form in which the initial protest, No. 225212–K, was drawn as originally filed is typical of all of the other protests and is as follows:

"The Collector of Customs, Port of San Francisco.

"Protest is hereby made against your liquidation or your decision assessing, imposing or collecting duty, fees, or other exactions, or excluding any merchandise from entry or delivery, or your refusal to reliquidate for clerical error, in connection with the entries or other matters referred to below. The reasons for objection under the tariff act of 1930 or any amendments thereto are as follows:

"Merchandise identified in schedule III, TD 50797, is dutiable at rates specified therein and in TD 51802. Proclamation 2901, TD 52559, is ineffective to cancel application of said rates.

"It is further claimed that said merchandise should have been classified as entered, or as a manufactured or unmanufactured article under paragraph 1558, or at the rates prescribed by any of the provisions above cited, by virtue of the similitude or the mixed-material clause in paragraph 1559, or of a foreign trade agreement. Each of the claims asserted herein is made with the proviso and condition that the duty claimed is less than the duty assessed. This protest is intended to apply to all goods covered by the entries referred to, of the same kind or character as the goods specified, whether or not particularly enumerated herein.

| ENTRY | CARRIER | ENTERED OR ARRIVED | LIQUIDATED | ITEMS |
|---|---|---|---|---|
| CE 10961.... | Trafalgar... | 2–4–53 | 11–30–53 | reed baskets |

"AMERICAN COMMERCE CO.
"230 CALIFORNIA ST., SAN FRANCISCO
"LAWRENCE & TUTTLE
"351 CALIFORNIA ST., SAN FRANCISCO 4"

The motion to amend protest 225212–K proposes to do so—

"* * * by adding the following:

"Rattan furniture, assessed at 30% under paragraph 409, is dutiable at 20% under paragraph 412."

Some of the motions to amend the other protests are couched in identical language, while others propose to amend the protests—

"* * * by adding the following:

"Back rests, assessed at 45%, are dutiable at 30% under paragraph 409, or 20 or 12½% under paragraph 412,"

and others—

"* * * by adding the following:

"Fishing poles, assessed at 55% under paragraph 1535, are dutiable at 45% under paragraph 1535."

The objection to the motions to amend is made on the ground that the merchandise the subject of the amendments was not covered by the protests as filed and that the amendments, therefore, seek to create causes of action with respect to merchandise as to which the liquidations of the entries have become final and conclusive upon all parties, including the importers, by operation of section 514 of the Tariff Act of 1930, 19 U.S.C.A. § 1514.

The position of the plaintiffs is that rattan furniture, fishing poles, and back rests were included within the scope of the protests as originally filed.

Counsel for both parties cite and rely upon the decision of our appellate court in the case of United States v. Macksoud Importing Co., 25 CCPA 44, T.D. 49041, holding that this court had the power, within its discretion and under such rules as it might prescribe, to permit, by amendment of a protest, the presentation of new and additional claims—

"* * * which might have been made in the original protest as to the merchandise covered by that protest."

The question presented is whether it can be fairly said that the merchandise covered by the claims now sought to be advanced was also covered by the original protests.

We may observe, preliminarily, that the protests involved follow a practice, as to form, long indulged in by litigants at this bar, of seeking to make the application of protests as extended or general as possible. The statute, section 514 of the Tariff Act of 1930, as written, seems to permit this effort, for, excluding requirements of proper party protestant, timeliness, and place of filing, none of which are here in question, it requires only that a protest be—

"* * * in writing * * * setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection—"

to various actions of the collector, including "his liquidation * * * of any entry."

It will be seen, therefore, that the basic requirements as to form are that the protest (1) be in writing, (2) that it identify the action of the collector against which it is directed, and (3) that the reasons for the objection to that action be set forth distinctly and specifically.

With the foregoing in mind, we may examine protest 225212–K, hereinbefore quoted, as typical of all of the protests involved. It is in writing. It identifies the action of the collector against which it is directed in the first sentence of the protest, as follows:

"*Protest is hereby made against your liquidation or your decision assessing,* imposing or collecting *duty,* fees, or other exactions, or excluding any merchandise from entry or delivery, or your refusal to reliquidate for clerical error, *in connection with the entries* or other matters *referred to below.*" [Italics added.]

The italicized language certainly is a notice to the collector identifying the action against which the protest is directed,

viz., his liquidation or decision assessing duty in connection with the entries referred to in the body of the protest. In the body of the protest, an entry number is given, and examination of that entry shows that, among other things, the merchandise as to which the claim now sought to be advanced is covered thereby, and was included in the collector's liquidation of that entry.

Consequently, at this point, it certainly appears that the merchandise involved in the amendment was covered by the original protest in the sense that the action of the collector against which the protest was directed embraced that merchandise.

Following the first sentence of the protest, it continues by stating the reasons for objection to the collector's action as follows:

"* * * The reasons for objection under the tariff act of 1930 or any amendments thereto are as follows:

"Merchandise identified in schedule III, TD 50797, is dutiable at rates specified therein and in TD 51802. Proclamation 2901, TD 52559, is ineffective to cancel application of said rates.

"It is further claimed that said merchandise should have been classified as entered, or as a manufactured or unmanufactured article under paragraph 1558, or at the rates prescribed by any of the provisions above cited, by virtue of the similitude or the mixed-material clause in paragraph 1559, or of a foreign trade agreement."

Quite obviously, the first reason given in the protest relates only to merchandise identified in schedule III of the Trade Agreement with the United Mexican States, embodied in the Presidential proclamation reported in 78 Treas.Dec. 190, T.D. 50797. The rattan furniture involved in the proposed amendment is not such merchandise, such furniture not being identified in said schedule III.

However, the next claim in the protest, i. e., that "said" merchandise should have

been classified as entered, certainly *could* apply to the rattan furniture, inasmuch as the entry shows that it was entered at 20 per centum ad valorem under paragraph 412 of the Tariff Act of 1930, 19 U.S.C.A. § 1001, par. 412, and that the rate was advanced by the collector, upon liquidation, when the merchandise was classified as dutiable under paragraph 409. Whether, by reason of the reference to "said merchandise," the second claim in the protest relates back only to the "Merchandise identified in schedule III, TD 50797" or relates back to the first sentence of the protest specifying the collector's liquidation as the action against which the protest is directed, may pose some element of doubt, but, for the reasons which will hereinafter be delineated, we are of the opinion that any doubt should be resolved in favor of the broader coverage of the protest.

The foregoing observation applies to the following claims relating to non-enumerated unmanufactured or manufactured articles, etc. Although not necessarily correct claims, these claims could apply to the rattan furniture. All of the claims are set forth "distinctly and specifically," or, at any rate, there is no objection on that score.

The following sentence—

"* * * Each of the claims asserted herein is made with the proviso and condition that the duty claimed is less than the duty assessed—"

would have *no effect with respect to* the merchandise covered by the protest, insofar as the present issue is concerned. This leaves for consideration only the effect of the last sentence in the protest, viz.:

"* * * This protest is intended to apply to all goods covered by the entries referred to, of the same kind or character as the goods specified, whether or not particularly enumerated herein."

and the specification under the heading "ITEMS" of "reed baskets."

The question presented is whether that sentence and that specification (as well as the reference to "said merchandise" in the second claim) had the effect of limiting the application of the protest, as filed, to goods which did not include rattan furniture. The first sentence of the protest does not specify any goods, but merely identifies the action of the collector against which the protest is directed, viz., his liquidation or his decision assessing duty in connection with the enumerated entry. The only specifications of goods in the protest are (1) the reference in the first claim to "Merchandise identified in schedule III, TD 50797," and (2) the naming of "reed baskets" under the heading of "ITEMS."

The statute, as written, does not require that *any* merchandise be specified in the protest; it requires only that the protest "[set] forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection" to, among other things, the collector's "liquidation * * of any entry."

As hereinbefore pointed out, the protest at bar named the action of the collector against which it was directed, namely, his liquidation or decision assessing duty in connection with the enumerated entry, and it gave certain reasons for the objection to the collector's liquidation. Inasmuch as the statute does not require a protest to specify the merchandise intended to be covered thereby, the last sentence can be considered to be an effort to extend the scope of the protest as to any goods *which were specified therein* to embrace goods of the same kind or character as the goods which were specified therein, namely, reed baskets or merchandise identified in schedule III of the Mexican trade agreement. Viewed in this light, it would have no effect upon the scope of the protest with respect to merchandise *not* specified therein but covered by the liquidation protested against.

We are of the opinion that the protest as filed is subject to either a broad or a narrow construction. Considered broadly, it covers the rattan furniture as well as the reed baskets covered by the entry enumerated therein. Considered narrowly, it is limited to "Merchandise identified in schedule III, TD 50797," and to "reed baskets."

■■ Inasmuch, from a reading of the protest as a whole, it was the obvious intention of the protestant when the protest was filed to *extend* the scope of the protest and not to *limit* it, and, inasmuch as the liberal policy of the court in matters of amendment of pleadings is set forth in rule 6(c) of the rules of this court as follows:

"A party may amend his protest, petition, appeal, application for review, or other pleadings or process, at any time by leave of court, and such leave shall be freely given when justice so requires,"

we believe that whatever doubt there may be as to the scope of the original protest should be resolved in favor of a broad construction of the same.

The motions to amend the protests are, therefore, granted, and order will issue accordingly.