(C.D. 3012)

AMITY FABRICS, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided May 24, 1967)

*George Bronz* for the plaintiff.
*Carl Eardley*, Acting Assistant Attorney General (*Andrew P. Vance*, trial attorney), for the defendant.

Before Rao and Ford, Judges

Rao, Chief Judge: This protest concerns the classification of certain imported cotton cloth. At issue in the case is the propriety of granting an amendment to the original protest. After the court has made its decision on this matter, the question of classification will either be moot or will be determined in accordance with a stipulation of fact entered into between the parties.

On December 12, 1962, plaintiff filed a protest with the collector which read as follows:

Protest is made against your decision and assessment of duty or tax on Meteor first quality plain assessed at 17¼% under Par. 904 and other similar merchandise more particularly described on entry and invoices, imported in the vessels named below. The reasons for objection to your action are that the goods are more aptly and specifically covered by the provisions mentioned herein than by those under which duty has been assessed. It is claimed that the goods in question are dutiable or are exempt from duty under the Tariff Act of 1930, or as amended, June 12, 1934 by Sec. 350, as amended and trade agreements entered into with foreign governments; 11% under Par. 907 and T.D. 54399.

Thereafter, plaintiff moved to amend the protest by deleting the words, "Meteor first-quality plain assessed at 17¼% under Par. 904 and other similar merchandise more particularly described on entry and invoices," and substituting "all of the merchandise covered by this entry, consisting of waterproof cotton cloth assessed at 17¼% under Par. 904 (Invoice #1) and at 22½% under Par. 909 (Invoices #2 and 3)." After an opposing brief was filed, the court, on June 11, 1965, entered an order granting plaintiff's motion to amend. The protest, thus amended, insofar as it dealt with the merchandise covered by invoice No. 1 was severed from this case, docketed separately as protest 64/21452–S, and suspended under a test case involving waterproof suede cloth. The instant case is limited to the waterproof velveteen described on invoice Nos. 2 and 3 as "First Quality Mammola Twill Back Velveteen 35/36″ Water Repellent" and the issue of whether or not the determination of its classification is properly within the jurisdiction of this court.

The parties are in general agreement that, after the statutory period has run, a protest may not be amended to include goods which were not covered by the original protest. They disagree, however, as to the nature of the present amendment. Plaintiff contends that the amendment is merely a clarification of the "other merchandise" mentioned in the first protest. Defendant suggests that the amendment refers to merchandise which was not covered by the initial protest and is, therefore, improper.

This dispute places in issue the scope and sufficiency of the original protest and, after a careful examination of that protest and a study of the relevant case law, we adhere to the view that the classification of the involved velveteen was objected to in the original protest.

The court is mindful of the modern tendency to avoid the disposition of cases on technical grounds and the liberal manner in which pleadings are now examined. Though we have taken this into account, our decision here arises not so much from the application of these general benevolent principles as from a conviction that the disputed amendment is justified by the *letter* as well as by the *spirit* of the law.

It is provided in the Judicial Code that the Customs Court may, at its discretion, permit amendments of protests (28 U.S.C. § 2642), and the court has promulgated Rule 6(c) of the Customs Court Rules which indicates that leave for such amendment "shall be freely given when justice so requires." It is also settled, however, that the relative freedom of amendment does not sanction the use of an amendment to draw within the ambit of the original protest merchandise which was not initially included therein. *Marshall Field & Co.* v. *United States*, 20 CCPA 225, T.D. 46037; *United States* v. *Macksoud Importing Co. et al.*, 25 CCPA 44, T.D. 49041. An amendment may clarify the identity of the merchandise or state new claims with regard thereto, but it may not add merchandise, the classification of which was not originally protested.

We have, therefore, concentrated our attention on the original protest and determined that, by its terms, it calls into question the classification of the Mammola velveteen as well as the specifically detailed Meteor cloth. In the original protest, the words "Meteor first quality plain assessed at 17¼% under Par. 904" and the claim of "11% under Par. 907 and T.D. 54399" are typewritten. The remainder of the protest is printed. Had the entire protest against the classification of the Meteor cloth and other similar merchandise been typewritten by the importer, few would dispute that the latter portion of the protest must, of necessity, refer to the only other merchandise on the invoices, namely the Mammola velveteen.

We see no reason to distinguish here between the efficacy of the typewritten portion and that of the printed portion of the protest. Such a distinction may be warranted when the printed portion makes an extravagant and unlimited general reference such as occurred in *Shreve & Hays, a/c Engine Imports, Inc.* v. *United States*, 49 Cust. Ct. 325, Abstract 67273, wherein the specific mention of antennas and mirror frames (not actually present on the invoice) was coupled with the printed phrase "or other merchandise covered by said entries." The court held there that such a blanket description did not apprise

the collector of purported objections to the classification of certain filter links, which were actually to be found on said entries. The fact that the words were printed was of less import than the fact that they were excessively all-inclusive. Here, however, the printed portion refers only to other similar merchandise; it lays the groundwork, as it were, only for the later enumeration of such merchandise as is of the same kind or class and not the arbitrary addition of any merchandise which happens to be listed on the invoice.

The entry which is the subject of this protest contains three invoices, which in turn describe two varieties of merchandise. Invoice No. 1 describes "Meteor First Quality Plain 36″ REVIVAL FINISHING WATER-REPELLENT." Invoices No. 2 and 3 describe "FIRST QUALITY MAMMOLA TWILL BACK VELVETEEN 35/36″ WATER REPELLENT." We believe that the language of the original protest alerts one to the inclusion therein of the merchandise described on invoices No. 2 and 3. The invoices reveal that both cloths are cotton cloths of the waterproof variety and their similarity in this respect is such as should have suggested itself to the collector. This is particularly so when the characteristic which unites them, to wit, water repellency, had, during the period when this merchandise was entered, become a key factor in pending adjudication and the foundation of numerous protests. See for example *Amity Fabrics, Inc.* v. *United States*, 51 Cust. Ct. 97, C.D. 2416.

The facts here are similar to those of *Atlas Trading Co.* v. *United States*, 35 Cust. Ct. 146, C.D. 1736. There, the language of the protest was directed against "All the merchandise assessed at 35% par. 1519" (clearly referring to certain lambskin plates) and "all goods * * * of the same kind or character * * *" which the court held included certain kidskin plates. Thus, an amendment clarifying the claim regarding the kidskin plates was proper.

Those cases cited by defendant in which the courts have refused to permit amendments have involved merchandise which was dissimilar to that originally protested and are, therefore, not relevant here. See for example *United States* v. *Weigert-Dagen, Weigert-Dagen Shoe Co., J. F. Goldkamp & Co.*, 39 CCPA 58, C.A.D. 464; *Hudson Rissman* v. *United States*, 46 Cust. Ct. 133, C.D. 2246. On the other hand, we find it unnecessary to consider the opposing arguments concerning the decision in the case of *American Commerce Co. et al.* v. *United States*, 42 Cust. Ct. 98, C.D. 2072, and the permissive rule regarding the scope of protest suggested therein. Here the identity of the merchandise covered by the general language of the protest is determined without the necessity of relaxing the standards governing the scope and interpretation of a protest.

For the above reasons, we conclude that the classification of the Mammola waterproof velveteen described on invoices 2 and 3 was

disputed in the original protest by the language referring to "other similar merchandise." Hence, the amendment was a proper one and the subsequent severance granted by this court was predicated on the requisite jurisdictional basis.

As mentioned before, the remaining facts of this case have been stipulated by the parties. The merchandise described on invoices No. 2 and 3 of entry 707626 and assessed with duty at the rate of 22½ per centum ad valorem under paragraph 909 of the Tariff Act of 1930, as amended by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, consists of first quality twill back velveteen similar in all material respects to the merchandise the subject of *Amity Fabrics, Inc.* v. *United States*, 51 Cust. Ct. 97, C.D. 2416, which was held to be dutiable at 11 per centum ad valorem under paragraph 907 of the Tariff Act of 1930, as modified by Presidential proclamation, T.D. 54399. The record in that case is hereby incorporated and made a part of the record in this case.

Upon the agreed facts, we find that the instant merchandise is dutiable at the rate of 11 per centum ad valorem under paragraph 907 of the Tariff Act of 1930, as modified, *supra*, as waterproof cloth.

Judgment will be entered accordingly.