(C.D. 3963)

WILSHIRE INDUSTRIES, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 5, 1970)

*Glad & Tuttle* (*Robert Glenn White* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Morris Braverman* and *Peter Jay Baskin*, trial attorneys), for the defendant.

Before RAO, FORD, and NEWMAN, Judges; FORD, J., concurring in part

NEWMAN, Judge: This protest concerns the proper classification of certain fireplace accessories imported from Japan. The merchandise was imported as four piece sets consisting of:

a stand comprised of a base, bracket, and shaft;
a brush;
a poker; and
a shovel.

The components of the fireplace sets were classified and assessed with duty as separate articles in the following manner: the stand

(base, bracket, and shaft as an entirety) was assessed with duty at the rate of 17 per centum ad valorem under item 653.95 of the Tariff Schedules of the United States (TSUS); the brush was assessed with duty at the rate of 28 per centum ad valorem under item 750.70, TSUS; the poker and shovel were each assessed with duty at the rate of 10 per centum ad valorem under item 651.49, TSUS.

Plaintiff protested the assessments of duty at the rates of 17 and 28 per centum ad valorem under items 653.95 and 750.70, respectively, claiming that "said merchandise is properly dutiable at 10% under paragraph 654.0040." At the trial and in its brief, plaintiff claimed that the fireplace sets, including the poker and shovel, are properly dutiable as entireties at the rate of 10 per centum ad valorem under item 654.00, TSUS.

We overrule the protest.

## Statutes Involved

Classified under:

Schedule 6, Part 3, Subpart F, Tariff Schedules of the United States:

Articles not specially provided for of a type used for household, table, or kitchen use; toilet and sanitary wares; all the foregoing and parts thereof, of metal:

\*     \*     \*     \*     \*     \*     \*

Articles, wares, and parts, of base metal, not coated or plated with precious metal:
Of iron or steel:
Not enameled:

\*     \*     \*     \*     \*     \*     \*

653.95          Other _____17% ad val.

Schedule 7, Part 8, Subpart A, Tariff Schedules of the United States:

Other brooms and brushes:

\*     \*     \*     \*     \*     \*     \*

750.70          Other _____28% ad val.

Schedule 6, Part 3, Subpart E, Tariff Schedules of the United States:

Hand tools (including table, kitchen, and household implements of the character of hand tools) not specially provided for, and metal parts thereof:

\*     \*     \*     \*     \*     \*     \*

Other hand tools:

\*     \*     \*     \*     \*     \*     \*

Other:

\*     \*     \*     \*     \*     \*     \*

Of copper:
651.49             Of brass_____ 10% ad val.

Claimed under:

Schedule 6, Part 3, Subpart F, Tariff Schedules of the United States:

Articles not specially provided for of a type used for household, table, or kitchen use; toilet and sanitary wares, all the foregoing and parts thereof, of metal:

\*     \*     \*     \*     \*     \*     \*

Articles, wares, and parts, of base metal, not coated or plated with precious metal:

\*     \*     \*     \*     \*     \*     \*

Of copper:
654.00             Of brass_____10% ad val.

### MOTION TO AMEND

At the trial, the Government interposed an objection to plaintiff's entireties claim on the ground that the only merchandise involved in this case consists of items assessed with duty at the rate of either 17 or 28 per centum ad valorem under item 653.95 or 750.70; and that the items in the fireplace set assessed with duty at the rate of 10 per centum ad valorem (poker and shovel) are not before the court (R.3–4). Plaintiff contended that even had the protest specified the items assessed at 10 percent, there would have been no relief that the court could have granted plaintiff. The trial judge sustained the Government's objection, and plaintiff then moved to amend the protest "to include \* \* \* all items known as, described in the invoices as the Fire Place Set, claiming all those items should be dutiable at 10 percent item 654.00" (R. 10). Defendant objected to the proposed amendment on the ground that, if granted, it would add merchandise to the protest which was not originally included. The trial judge reserved decision for the division on plaintiff's motion to amend (R. 11), and received evidence on the merits of the entireties claim.

Plaintiff's brief makes no reference to its pending motion; but rather plaintiff argues that its protest is sufficient to pursue the entireties claim raised at the trial, notwithstanding that the protest

did not cover the poker and the shovel each assessed at 10 percent. Hence it appears that plaintiff's motion to amend is not pressed; but in any event such motion is denied inasmuch as it attempts to bring before the court merchandise not within the scope of the original protest. A protest may not be amended more than sixty days after liquidation to include additional merchandise. *Marshall Field & Co.* v. *United States*, 20 CCPA 225, T.D. 46037 (1932); *United States* v. *Macksoud Importing Co. et al.*, 25 CCPA 44, T.D. 49041 (1937).

## Scope of the Protest

In view of plaintiff's argument, as stated above, we shall focus our attention on the original protest to determine whether or not it presents a claim that all of the articles in the fireplace set are properly dutiable as an entirety. We have concluded for the reasons discussed below that defendant's objection to plaintiff's entireties claim was properly sustained by the trial judge. Accordingly, the merits of *that claim* will not be considered herein.

The pertinent portion of the protest states:

> Notice of dissatisfaction is hereby given with and protest is hereby made against your decision, liquidation and assessment of duties at 17% and 28% p. 653.95 & 750.70 or other rate or rates on Brass H/H articles fireplace parts * * *.

> We claim that said merchandise is properly dutiable at 10% under paragraph 654.0040.

To reiterate briefly, defendant contends that plaintiff's entireties claim, made for the first time at the trial, would if allowed, enlarge the scope of the protest to include the poker and shovel, and would contravene the well-settled principle that an importer cannot by amendment draw within the ambit of the original protest, merchandise which was not initially included therein. See *Amity Fabrics, Inc.* v. *United States*, 58 Cust. Ct. 439, C.D. 3012 (1967), and cases cited therein.

Although plaintiff concedes that the protest does not mention any merchandise assessed with duty at 10 percent, plaintiff insists that "this court can *nevertheless* proceed to a determination of the claim that the fireplace set is properly classifiable as an entirety under Item 654.00, TSUS." [Emphasis quoted.] Plaintiff emphasizes that had the protest included the poker and shovel, there would have been no relief this court could have granted as to those two articles, inasmuch as the claimed rate for the entire set is 10 percent. Moreover, plaintiff asserts that the protest would have been subject to dismissal as to the poker and shovel had they been included in the protest. To support the latter argument, plaintiff cites several decisions, including *George S. Fletcher* v. *United States*, 25 CCPA 195, T.D. 49294

(1937); *Carson M. Simon & Co.* v. *United States*, 55 Cust. Ct. 103, C.D. 2558 (1965); *W. A. Force & Co., Ltd.* v. *United States*, 24 Cust. Ct. 140, C.D. 1222 (1950). In the foregoing cases, either the protest or a claim therein was dismissed where the rate claimed was higher or was the same as the rate assessed. See also *Donald Peters* v. *United States*, 41 Cust. Ct. 195, 199–200, C.D. 2042 (1958). We have given these holdings careful consideration, but have determined that they are inapposite to the present case because the plaintiffs therein did not claim that merchandise classified as separate articles was dutiable as an entirety; nor did the involved protests cover only some of the components of a set which was claimed to be dutiable as an entirety.[1]

Plainly, there is nothing in the instant protest which indicates that plaintiff is claiming that all of the components of the fireplace set should have been classified as an entirety. A protest cannot be sustained upon a claim which it does not directly or indirectly make. *United States* v. *National Gum & Mica Co.*, 9 Ct. Cust. Appls. 250, T.D. 38207 (1919).

Plaintiff has apparently assumed that if the court should decide the merits of the entireties claim in its favor, we could simply direct reliquidation by the district director at the rate of 10 percent on the separate values of the items assessed at the rates of 17 and 28 percent, since the poker and shovel were already liquidated at the rate of 10 percent. Such assumption entirely overlooks that, even granting *arguendo* the fireplace set is dutiable as an entirety, the merchandise would be ordered reliquidated accordingly, rather than as separate articles having separate values.[2] Obviously, reliquidation as an en-

---

[1] In *Force,* certain "fount sets" were classified as entireties and claimed to be dutiable under the provisions of the tariff act covering the individual components comprising each set. There was no question in that case about the entire set being covered by the protest.

[2] The official papers disclose that the district director found no value for the fireplace sets as entireties, but rather found separate values for the components upon which the entry was liquidated at the rates of 10, 17, and 28 per centum ad valorem. If the court were to hold that the fireplace set is an entirety under item 654.00, a value for such entirety would have to be ascertained. This raises the question of whether the district director could reliquidate on the basis of a composite value for the entirety arrived at by adding together the separate values previously determined; or whether the separate appraisements become invalidated upon finding the merchandise in the set to be an entirety, thus requiring remand pursuant to 28 U.S.C. § 2636(d). The latter statute mandates that a case be remanded to a single judge for a determination of dutiable value where an appraisement is declared to be invalid or void.

Research has failed to disclose any case in which such question has been raised, although in the reverse situation where merchandise is appraised and liquidated as entireties and is held by the court to be separate articles, it is well settled that the appraisement and liquidation are void and the court is required by 28 U.S.C. § 2636(d) to remand the case for a determination of separate values. See *Castelazo & Associates et al.* v. *United States,* 62 Cust. Ct. 148, C.D. 3707, 296 F. Supp. 25 (1969), and cases cited therein. But cf. *James Betesh Import Co.* v. *United States,* 40 Cust. Ct. 186, C.D. 1981 (1958) (merchandise appraised and classified separately and held to be entirety, although case not remanded.) Since in the present case we do not reach the merits of the entireties issue, we are not required to, nor do we decide whether or not a remand is required where merchandise is appraised and liquidated as separate articles, but is held to be an entirety.

tirety would of necessity encompass the poker and shovel. This court, consequently, could not grant plaintiff any effective relief pursuant to an entireties claim without in effect enlarging the scope of the protest to include the poker and shovel. However, we have no jurisdiction to permit such enlargement of the protest. *United States* v. *Weigert-Dagen, et al.*, 39 CCPA 58, C.A.D. 464 (1951).

We hold, therefore, that an entireties claim would bring into dispute the tariff status of all the components comprising the fireplace set. Hence, if plaintiff wished to assert such claim, the protest should have included the poker and shovel, as well as the other articles. Defendant's objection to plaintiff's entireties claim was well taken.

### PLAINTIFF'S CLAIM UNDER ITEM 654.00

Although the protest does not raise an issue of entireties, the protest is clearly sufficient to present the claim that the brush and the stand (base, bracket, and shaft as an entirety) are properly dutiable under item 654.00, TSUS. Therefore, we shall consider the merits of that claim.

Under item 654.00, plaintiff had the burden of proving that the articles are in chief value of brass. General Headnote 9(f)(1). With respect to the brushes, plaintiff had an additional burden of establishing that they were not provided for *eo nomine* under item 750.70, as classified.

On the commercial invoice of Mogi Trading Company, Ltd., ostensibly a buying agent of the importer, there appears a breakdown of the selling price of the fireplace sets, $2.58 per set, under the headings of "Brush," "Brass Parts," and "Iron Parts." [3] Such price breakdown covers the four articles in the set. Plaintiff argues that the district director adopted the price breakdown in appraising and classifying the merchandise. Defendant denies that there was any such adoption of the breakdown figures on the invoice, and insists that plaintiff has failed to offer any proof as to the costs of the separate component materials to the manufacturer at the time when they were ready to be combined. We agree with defendant's contention.

It is well settled that the proper method of determining the component material of chief value of an article is to ascertain the costs of the separate component materials *to the manufacturer* at the time they are ready to be assembled or combined into the article. *United States* v. *Jovita Perez, et al.*, 44 CCPA 35, C.A.D. 633 (1957); *United States* v. *Rice-Stix Dry Goods Co.*, 19 CCPA 232, T.D. 45337 (1931); *United*

---

[3] Although the figures on the commercial invoice are discussed in the briefs of both parties and in this opinion, the court is aware that the commercial invoice was not offered into evidence by plaintiff as proof of component material of chief value.

*States* v. *Mrs. S. Bacharach*, 18 CCPA 353, T.D. 44612 (1931) ; *Commercial Adolpho S. Pagan, Inc., et al.* v. *United States*, 48 Cust. Ct. 210, C.D. 2337 (1962) ; *Vandegrift Forwarding Co. et al.* v. *United States*, 37 Cust. Ct. 18, C.D. 1793 (1956). Similarly, it is well settled that a finding of component material of chief value cannot be predicated upon invoice values or prices paid by the importer. *Rice-Stix, supra.* It is readily apparent that the breakdown of the invoice price of $2.58 by Mogi Trading Company, Ltd., which is relied upon by plaintiff as its proof of component material of chief value, represents if anything, *costs to the importer* rather than to the manufacturer, Kobayashi Kinzoku, Tokyo. The invoice price presumably included the manufacturer's profit, selling expenses, and other items, which do not enter into the costs of the component materials. Cf. *Rice-Stix, supra.* Thus, there is no evidence in the record of the manufacturer's costs of the component materials at the time they were ready to be assembled or combined.

Additionally, there is nothing in the record suggesting that the district director adopted the price breakdown in classifying the merchandise. In point of fact, the classification of the base, bracket, and shaft (as an entirety) under item 653.95 establishes presumptively that the district director determined the component material of chief value of the stand was iron or steel, rather than brass. Further, since the brush was classified under item 750.70, it was unnecessary for the district director to find the component material of chief value for that article. In view of the foregoing, plaintiff's contention that the district director adopted the invoiced figures in classifying the merchandise is entirely without merit.

Since plaintiff has failed to establish that the brush and stand are in chief value of brass, the protest is overruled. Judgment will issue accordingly.

CONCURRING IN PART

FORD, Judge : The majority opinion correctly determined that plaintiff has failed to establish the component material of the protested items. In view of this finding the claim for classification under item 654.00 of the Tariff Schedules of the United States is untenable. Plaintiff has therefore failed to overcome the presumption of correctness attaching to the classification.

Inasmuch as the claimed classification has not been established the collateral issue as to whether the claim for entireties is encompassed by the protest or whether such claim enlarges the scope of the protest by bringing in merchandise not covered is moot. Under such circumstances I believe it is unnecessary to consider this facet of the case. In any event and without belaboring the point I am of the opinion that an entirety claim does not necessarily enlarge the scope of the

protest and accordingly I do not agree with my colleagues as to this point.