(C.D. 4151)

GENERAL INSTRUMENT CORPORATION *v.* UNITED STATES

United States Customs Court, Third Division

(Decided December 21, 1970)

*William R. Shapiro; Lincoln & Stewart* (*Eugene L. Stewart* and *Thomas L. Delaney* of counsel) associate counsel; for the plaintiff.

*L. Patrick Gray, III,* Assistant Attorney General (*Robert Blanc,* trial attorney), for the defendant.

Before RICHARDSON, LANDIS, and ROSENSTEIN, Judges

RICHARDSON, Judge: The merchandise in issue, identified on the entries covered by the four protests herein, consists of television yokes which were exported at various times in 1965 from Taiwan, entered at the port of New York, and classified in liquidation under item 685.20 of the Tariff Schedules of the United States at the duty rate of 10 per centum ad valorem. Protests 67/76950 and 67/76951, tried and submitted apart from and prior to protests 68/26411 and 68/26412, contain identical language which reads in relevant part as follows:

> Protest is hereby made against your decision assessing duty at
> 12½% - item 685.80                          T.S.U.S.
> 10%   - item 685.10                              "
> 12½% - item 685.22
> or other rate or rates, on all articles                    "
> entered free of duty under item 807.00          "  . . .
>     The reasons for objections . . . are that such merchandise is dutiable at

Free of duty under item 807.00 T.S.U.S. as American components assembled abroad.

Plaintiff does not describe any merchandise in these two protests and there was no classification by the Government of the imported merchandise under any of the item numbers listed in said protests.

Item 685.80 of the tariff schedules provides for a 12.5 per centum ad valorem duty on electrical capacitors, fixed or variable. No such item of merchandise appears on entry 1053218 dated May 14, 1965 of protest 67/76950, or on entry 1088584 dated June 15, 1965 of protest 67/76951. Item 685.10 of the tariff schedules provides for a 12.5 per centum ad valorem duty on television cameras and parts thereof. No such item of merchandise appears on either of the aforesaid entries. Item 685.22 of the tariff schedules provides for a 12.5 per centum ad valorem duty on radio- telegraphic, telephonic, and broadcasting transmission and reception apparatus and parts thereof. No such item of merchandise appears on either of the aforesaid entries. Entries 1053218 and 1088584 cover only television and transformer parts of American origin classified under item 807.00 of the tariff schedules, television yokes and tuners classified under item 685.20 of the tariff schedules, and transformers classified under item 682.10 of the tariff schedules.

In view of the foregoing facts of record, protests 67/76950 and 67/76951 as noted above fail to identify either by nomenclature or by classification reference any merchandise covered by the entries under protest as to which exemption from duty is claimed for American components pursuant to item 807.00 of the tariff schedules. As such, these protests are jurisdictionally defective and void, and present no justiciable issue to the court for determination. *U. Fujita & Co. et al* v. *United States*, 26 CCPA 63, T.D. 49611 (1938); *Hudson Rissman* v. *United States*, 46 Cust. Ct. 133, C.D. 2246 (1961). Protests 67/76950 and 67/76951 are, therefore, dismissed.

Protest 68/26411 reads in relevant part as follows:

> Protest is hereby made against your decision assessing duty at 10%, item 685.20, on Sleeving, jumpers, leads and wire of Yokes; and 12½%, item 685.80, on silvered mica, tinfoil and backing mica of Silvered Mica Capacitors. . . .

> The reasons for objections . . . are that such merchandise is Free of duty, item 807.00, TSUS.

Entry 893220 dated December 7, 1965 of protest 68/26411 covers merchandise which is correctly identified in the protest as noted above. And the same is true as to the merchandise of protest 68/26412 cover-

ing entry 926694 dated January 11, 1966, which protest reads in relevant part as follows:

> Protest is hereby made against your decision assessing duty at 10%, item 685.20, on sleeving of YOKES 12½%, item 685.80, on SILVERED MICA CAPACITORS. (items of silvered mica and tinfoil). . . .
>
> The reasons for objections . . . are that such merchandise is Free of duty, item 807.00, TSUS.

Thus, protests 68/26411 and 68/26412 are valid protests which present a justiciable issue to the court for determination.

However, when protests 68/26411 and 68/26412 were called for trial plaintiff's counsel abandoned the claims as to the capacitors, and undertook to submit the case for determination upon the basis of the evidentiary record theretofore developed during the course of trial of protests 67/76950 and 67/76951 as to the television yokes. In this connection the following colloquy took place between the court and counsel (R.137–138):

> MR. BLANC: Your honor, would it perhaps be desirable to merely consolidate these two cases with yesterday's, and abandon it as to everything except the one item that is in contention?
>
> MR. STEWART: I have no objection to the cases being consolidated, if that is a more faster way of regularizing the status of the cases.
>
> I understand, by counsel's suggestion, that the four cases mentioned would be considered as having been tried yesterday, as to the article of commerce identified as "yokes," and that in all other respects any protests raised in relation to those cases would be deemed to be abandoned. I am agreeable to that.
>
> MR. BLANC: Thank you, sir.
>
> JUDGE RICHARDSON: They will be consolidated, and this stipulation will be made part of the record.
>
> MR. STEWART: Thank you, your honor.

But since, for the reasons hereinbefore stated, protests 67/76950 and 67/76951 were ineffectual to confer jurisdiction upon the court for any purpose, it follows that the evidentiary record in those cases cannot be availed of in the disposition of protests 68/26411 and 68/26412. This being so, the interests of justice require that the submission in protests 68/26411 and 68/26412 be set aside and said protests restored to the calendar for trial.

Judgment dismissing protests 67/76950 and 67/76951 and setting aside the submission of protests 68/26411 and 68/26412 and restoring said protests to the calendar for trial will be entered herein accordingly.